**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARMINDER SINGH CHAWLA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 05-77231<br><br>Agency No. A095-560-443<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and BLOCK, District
Judge.[**]

Parminder Singh Chawla petitions for review of a decision of the Board of

Immigration Appeals ("BIA") denying his applications for asylum and withholding

of removal. We assume familiarity with the facts, prior proceedings, and issues

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

presented. Because the BIA overruled the Immigration Judge's ("IJ") adverse credibility finding but otherwise affirmed the IJ's decision, we review the IJ's decision, as modified by the BIA, as the final agency decision. *Gonzalez v. INS*, 82 F.3d 903, 907 (9th Cir. 1996).

The IJ's finding that Chawla was not targeted on account of a protected ground is not supported by substantial evidence. To the contrary, the testimony of Chawla and his father before the IJ, deemed credible by the BIA, compels the conclusion that the harm Chawla suffered was "at least in part" on account of an imputed political opinion because of the ethnic slurs. *Sinha v. Holder*, 564 F.3d 1015, 1021-23 (9th Cir. 2009) ("The fact that the attackers were also evidently motivated by a desire to steal petitioners' money and valuables does not undercut the role that racial animus played in their motivation. Persecutors can have multiple motives.").

In finding that Chawla had not suffered past persecution, the IJ considered only the beating Chawla suffered on June 7, 2003. Although the record in this case does not compel a finding of past persecution, the IJ committed legal error in failing to consider the cumulative effect of the additional harassment, threats, and extortion suffered by Chawla and his family. *See Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005). Accordingly, this case must be remanded for

2

reconsideration under the correct standard. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

This case is remanded for the BIA to determine whether Chawla has demonstrated eligibility for asylum and withholding of removal.

The petition for review is

**GRANTED and the case is REMANDED to the BIA.**